Banks, J.
This is an action in contract to recover the balance due on a promissory note executed by the defendant.
The case is before this Division on the defendant’s appeal of the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b) (1) motion for relief from a default judgment.
Rule 60 (b) (1) permits a trial court, in the exercise of its sound discretion, to vacate a judgment upon an adequate showing of the moving party’s “mistake, inadvertence, surprise or excusable neglect.” The court’s disposition of such motion is accorded a “marked deference” on appeal, and will be set aside only upon a clear demonstration of an abuse of judicial discretion. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwr. Assoc., 399 Mass. 886, 894 (1987). See also, Trustees of the Stigmatine Fathers, Inc. v. Secretary of Admins. & Fin., 369 Mass. 552, 565-566 (1976); Klimas v. Mitrano, 17 Mass. App. Ct. 1004 (1984). The relevant facts in this matter, as set forth in thefew documents filed by the defendant and in the docket, do not remotely suggest any reason to question the trial court’s exercise of discretion in denying the defendant’s Rule 60(b) (1) motion.
The record indicates that on December 28, 1989, the defendant signed a promissory note payable to the plaintiff in the amount of $101,700.00. The note carried interest at the rate of 12.5% per annum and was to be paid within ninety (90) days of execution. On May 3, 1990, the plaintiff commenced this action to recover the balance due on the defendant’s note. A copy of the promissory note was attached to the complaint. The defendant failed to file a timely answer to the complaint and, upon proper request, a default was entered on June 8, 1990.
Although no entry of a removal of the default appears on the docket, the defendant filed, on June 19, 1990, what amounted to a general denial and a counterclaim. The counterclaim set forth vague allegations in conclusory form of fraud in the inducement, breach of contract and “restitution and quantum meruit.” Upon the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6) motion and after hearing, the defendant’s counterclaim was dismissed on October 3, 1990.
The defendant thereafter failed to respond to the plaintiffs request for admissions, requests for production of documents and interrogatories. The plaintiff seasonably filed an application for judgment and reapplication for final judgment pursuant to Dist./Mun. Cts. R. Civ. R, Rule 33 (a), and notices were issued to the defendant by the trial court. Upon the plaintiffs subsequent “Request for Relief Pursuant to Rule 55(b) (1),” which was served upon defendant’s counsel of record, a default judgment for failure to answer interrogatories was entered on April 22, 1991. Notice was again sent to the defendant. On May 23, 1991, execution issued.
O n July 8, 1991, the defendant filed the motion for relief from judgment which is the subject of this appeal. The motion was heard on both July 24 and July 29, 1991, and *96 denied by the court on the latter date.
1. Relief may be granted under Rule 60 (b) (1) only when the moving party satisfies his burden of demonstrating that his neglect was excusable rather than attributable to his own carelessness, or that his mistake or inadvertence was somehow justified. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwr. Assoc., supra at 894; Murphy v. Administrator of the Div. of Pers. Admin., 377 Mass. 217, 227-228 (1979). The only ground for relief presented by the defendant’s motion was contained in an attached affidavit of defendant’s attorney. Such affidavit dealt not with the determinative issue of the defendant’s failure to answer interrogatories, but instead with the defendantss earlier failure to file a timely answer to the plaintiff s complaint. The affidavit set forth the perhaps colorable, but hardly compelling, excuse that defendant’s attorney represented defendants in two separate cases brought by Zisler as plaintiff, and that the attorney had mistakenly supposed that the answer he filed in the other matter was the answer required to be filed in this case. The already marginal significance of this assertion was further diminished by the affidavif s additional recitation that another attorney (also listed on the docket as defendant’s counsel of record) had “received notice and had telephonic communications with the plaintiff’s attorney” but that the affiant attorney had not.[1] No explanation was offered as to why that attorney had failed to take the necessary action in the defendants behalf by filing a timely answer or by responding to the plaintiff’s discovery requests, or why he had neglected to forward notices to the affiant attorney for appropriate action by him.
As grounds for the defendant’s Rule 60(b) (1) motion for relief from the default judgment, the trial court had before it merely the defendant’s excuse for his failure to file a timely answer instead of some explanation for his failure to file answers to interrogatories which actually resulted in the default judgment. Further, the record before the court clearly established that the defendant had demonstrated a negligible interest in defending against this action and had exerted only a minimal effort to respond to the plaintiff’s claims. Based on such record, and the defendant’s obvious failure to satisfy the threshold requirements for Rule 60(b) (1) relief, a denial of the defendant’s motion would have been fully warranted at the first hearing on July 24, 1990.
The defendant’s apparent contention in the trial court and on this appeal is that, under the principles of Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979), he is entitled to his day in court on essentially equitable grounds because of his presentation of a “meritorious defense.” Berube lists as one factor to be considered by the court in deciding a Rule 60(b) (1) motion, “whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit.” Id. at 430.[2] The only suggestion of such a defense which was *97 before the court at the July 24, 1990 hearing was the assertion in counsel’s affidavit of his “firm belief that the defendant had a meritorious defense based upon failure of consideration, fraud and unfair dealing. No facts were advanced in the affidavit in support of such assertion. A purported defense neither supported by affidavit, nor apparent on the record, clearly fails to satisfy the standard suggested in the Berube case. See New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 142-143 (1989). The trial court provisionally denied the defendant’s Rule 60 (b) (1) motion, but allowed the defendant five additional days in which to submit some substantiation of his allegation of plaintiffs fraud or other defense.[3]
The report now before this Division is devoted exclusively to the defendant[1] s response to the court’s invitation to delineate his claimed meritorious defense. Such response was comprised solely of several piecemeal representations of fact unsupported by affidavit, and a document which does not appear to support the defendant’s contentions. After review of these materials at the second hearing on July 29,1991, the defendant’s motion for relief from judgment was denied.
A “meritorious defense” for Rule 60(b) purposes is one
worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence.
Russell v. Foley, 278 Mass. 145, 148 (1932). See also, e.g., Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1024 (1885). At no time during the post-judgment proceedings in this case has the defendant provided a coherent account of his alleged defense. What has been proffered are vague allegations and confusing information regarding the defendant’s business activities which appear to have no material connection to the plaintiff s simple, straightforward claim for a balance due on a promissory note which the defendant admits to having signed.[4]
Moreover, even if the defendant had successfully asserted a meritorious defense, no reversal of the trial court’s denial of his Rule 60(b) (1) motion would be required. Although the failure to demonstrate a meritorious defense ordinarily justifies a refusal to vacate judgment, see Gifford v. The Westwood Lodge Corp., 24 Mass. App. Ct. 920, 923 (1987); Kline v. Gutzler, 18 Mass. App. Ct. 901 (1984), the converse is not true. Contrary to the defendant’s contentions, a party is not entitled to Rule 60(b) (1) relief solely on the basis of the existence of a meritorious defense. Nor is there a right to such relief even in those instances in which the moving party has clearly satisfied all of the factors set forth in Berube as a guide for the court’s exercise of its discretion. Scanner v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 159-160 (1987); Bird v. Ross, 393 Mass. 789, 791 (1985); Berube v. McKesson Wine & Spirits Co., supra at 435. The allowance or denial of a Rule 60 (b) (1) motion remains within the discretion of the trial judge.
Accordingly, the trial court’s denial of the defendant’s Rule 60(b)(1) motion for *98 relief from judgment is affirmed.
Report dismissed.

 The docket lists two attorneys as defendant's counsel. Both signed the defendant’s answer, giving the same professional mailing address. Plaintiffs counsel contended, in written opposition to the defendant’s Rule 60 motion, that the first attorney listed as defendant’s counsel appeared in court for the defendant, scheduled depositions and received all default notices. Given the involvement of this attorney in representing the defendant, the affiant attorney’s assertions are at best curious.

 The remaining factors to be balanced by the court are: “whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; whether prejudice has resulted to the other party and whether the error is chargeable to the party’s legal representative rather than to the party himself.”

 It may be inferred that the court granted such leeway to the defendant after balancing other considerations, including the factthatthe defendanthad acted promptly in requesting relief from judgment despite its prior neglect and that the pattern of omissions apparent on the record was attributable more to counsel’s neglect than to that of the defendant himself. See Mullen Lumber Co. v. F.P. Assocs., 11 Mass. App. Ct. 1018, 1019 (1981).

 It is only by reference to the plaintiff s affidavit that we are able to perceive even a glimmer of the defendants alleged defense. The defendant’s suggestion of fraud or failure of consideration entails allegations to the general effect that the plaintiff knew or could be charged with the knowledge that, at the time the defendant signed the promissory note, certain stocks (in a company which was to be and is now operated by the defendant’s son), which the defendant intended to purchase with the money borrowed from the plaintiff were not then ready for issuance, although the stocks were subsequently issued.
We note that the defendant s allegation of fraud by the plaintiff did not constitute the assertion of a separate ground for relief under Rule 60(b) (3). The type of “fraud, misrepresentation or other misconduct of an adverse party” which justifies relief from judgment is a “fraud upon the court... [or] that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.” Pina v. McGill Development Corp., 388 Mass. 159, 165 (1983).