43 Mass. App. Ct. 207 (1997)                    207

Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud *v.* Fast Forward, Inc.

# Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud *vs.* Fast Forward, Inc., & another.[1]

No. 97-P-811.

Plymouth. June 12, 1997. - July 23, 1997.

Present: Dreben, Gillerman, & Porada, JJ.

*Consumer Protection Act,* Damages. *Damages,* Consumer protection case.

In an action brought under G. L. c. 93A against a corporation and its president, the judgment unambiguously reflected the trial judge's intention that each defendant be liable severally under c. 93A, and where the defendants had not challenged their several liability on appeal, they were not entitled to a "clarification" of the judgment to reflect joint and several liability and only one recovery on the awards. [207-211]

Civil action commenced in the Superior Court Department on March 2, 1990.

After review by this court, 41 Mass. App. Ct. 643 (1996), a clarification of the original judgment was issued by *Patrick F. Brady,* J.

*Stephen Gordon* (*Kenneth E. Chase* of Arizona & *Roberta Fitzsimmons* with him) for the plaintiff.

*Arthur H. Goldsmith* for Russell Stoehr.

Dreben, J. This appeal is a continuation of the dispute between the parties which was before this court in *Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud* v. *Fast Forward, Inc.* (*Mohamed I*), 41 Mass. App. Ct. 643 (1996). The facts are set forth in that opinion, which affirmed a judgment[2] entered in the Superior Court on June 17, 1993.[3] In the course of the plaintiff's postappeal attempts to collect the judgment, it

---

[1]Russell Stoehr.

[2]*Mohamed I* also affirmed postjudgment orders denying relief.

[3]The judgment is set out in note 4, *infra.* Contrary to the defendant's contention, the plaintiff made no claim, at least in this court, that paragraphs 1 and 2 of the judgment were cumulative.

208                    43 Mass. App. Ct. 207 (1997)

Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud *v.* Fast Forward, Inc.

became evident that he and the defendants differ in their interpretation of the G. L. c. 93A portions of the judgment; the plaintiff claims that the c. 93A awards against the corporation (Fast) and its president (Stoehr) are independent of one another and that, therefore, he is entitled to recover the full amount of the c. 93A portions of the judgment against each defendant. Stoehr, on the other hand, claims that his liability was joint and several and that only one recovery could be had on the c. 93A awards.

The judge considering the collection portion of the case (we shall refer to him as the motion judge; the trial judge had retired) was persuaded that the judgment was unclear, and, after receiving memoranda from the parties, issued a "clarification" of the judgment. This is an appeal by the plaintiff from the order of "clarification" which determined that the plaintiff may collect only one c. 93A award. We vacate the order of clarification and reinstate the original judgment which is set out in note 4, *infra*.

The original 1993 judgment was based on a jury determination, in response to special questions, that the plaintiff was the owner of four vehicles (a 1987 Aston Martin Volante, a 1983 Aston Martin Lagonda, a 1985 Ferrari Testarossa, and a 1987 Lamborghini LM002), that the corporation, but not Stoehr (its president) had converted those vehicles, that the corporation and Stoehr were neither buyers in the ordinary course of business of any of the vehicles nor good faith purchasers for value, and that the plaintiff was entitled to damages from the corporation in the amount of $430,000. *Mohamed I, supra* at 646. The count under c. 93A, *id.* at 644, was decided by the trial judge. "Although [he] accepted the jury's determination as to the amount of damages, his finding of a violation of G. L. c. 93A was not based simply upon their finding that Fast had converted the plaintiff's vehicles. Rather, the trial judge found that Fast *and* Stoehr knowingly purchased counterfeit certificates of origin, which they used to transfer title to two of the plaintiff's vehicles with the intent of depriving him of his property and deceiving those buyers whom they intended would rely on the forged certificates. It is that conduct upon which the trial judge concluded that an award of double damages against Fast and Stoehr, individually, was warranted." *Id.* at 646. See *Calimlim v. Foreign Car Center, Inc.*, 392 Mass. 228, 236 (1984). The trial judge's conclusions on the plaintiff's claims under G. L. c. 93A, were as follows:

"1. I find for the plaintiff against the defendant Fast Forward, Inc. under G. L. c. 93A and award double damages for the plaintiff in the amount of $860,000. Judgment to enter accordingly.

"2. I find for the plaintiff against the defendant Russell Stoehr individually under G. L. c. 93A and award double damages for the plaintiff in the amount $860,000. Judgment to enter accordingly."

The 1993 judgment which entered is reproduced in its entirety in the margin.[4]

Whether a defendant is liable jointly and severally so as to be entitled to a credit for payments by another defendant is dependent on the nature of the obligation. "The multiple damage provisions of c. 93A are designed to impose a penalty. . . ." *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 856 (1983). Accordingly, as held in that case, defendants who violate c. 93A are independently liable for the ensuing damage. A plaintiff is not limited to a single award of multiple damages. *Id.* at 853 &. 856. Where, however, a defendant corporation is liable only through the acts of a single agent, the corporation and the agent are not considered two separate wrongdoers for purposes of c. 93A. *Augat, Inc.* v. *Aegis, Inc.*, 417 Mass. 484, 486 (1994). Relying on the *Augat* case, the motion judge analyzed the trial judge's findings, and, although concluding the matter was not "entirely free from doubt," determined that the corporation's

[4]"1. Pursuant to jury verdict, Judgment is to enter for the Plaintiff, Prince Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud against defendant Fast Forward, Inc., in the amount of Four Hundred Thirty Thousand ($430,000.00) Dollars, together with interest thereon from March 2, 1990 to date in amount of One Hundred Seventy Thousand Sixty-Seven and $^{94}/_{100}$ ($170,067.94) Dollars, together with his costs.

"2. Pursuant to Findings and Orders issued regarding relief claimed under Chapter 93A, Judgment is to enter against defendant, Fast Forward, Inc. in the amount of Four Hundred Thirty Thousand ($430,000.00) Dollars in favor of Plaintiff Prince Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud. Accordingly, Total Judgment, including interest, awarded against defendant Fast Forward, Inc. amounts to One Million Thirty Thousand Sixty-Seven and $^{90}/_{100}$ ($1,030,067.90) Dollars.

"3. Again pursuant to said Findings and Orders, Judgment is to enter against defendant Russell Stoehr as damages awarded under the Chapter 93A claim in the amount of Eight Hundred Sixty Thousand ($860,000.00) Dollars, without interest."

c. 93A culpability arose only through the acts of its president, Stoehr, and, had the trial judge thought otherwise, he would have mentioned other employees.

The conclusion that the corporation acted wrongfully solely through Stoehr does not appear to be supported by the record. Portions of the trial testimony before the motion judge contained in the record before us strongly suggest that, in addition to Stoehr, another employee of Fast, one Michael Richards, also acted in a fraudulent manner. Moreover, as the motion judge stated, "the jury must have believed that another agent or agents . . . committed the physical acts which constituted the common law tort of conversion," otherwise they would not have found only the corporation, and not Stoehr, liable. Also, an affidavit of Stoehr,[5] submitted to the motion judge prior to his "clarification" decision, in which Stoehr sought to disavow his own liability, states, referring to certain exhibits at trial, that one Russell Carle, a former president of the corporation, was heavily involved on behalf of the corporation in obtaining and paying for the fraudulent certificates of origin.

We need not, however, rest our reversal on the ground that other agents of the corporation were involved. The judgment as set out in paragraphs 2 and 3, see note 3, *supra,* imposed multiple damages under c. 93A on each defendant. In view of the penalty aspects of such an award, as explained in *International Fid. Ins. Co.* v. *Wilson,* 387 Mass. at 856, such a judgment, particularly when, as here, separately stated against the two defendants, indicates that the trial judge intended that each defendant be liable severally under c. 93A.

Had the defendants wanted to escape this result, it behooved them to claim on appeal that the corporation was liable only through the acts of Stoehr and that the trial judge had erred in not entering judgment against the defendants jointly and severally in the form entered in *Augat, Inc.* v. *Aegis, Inc.,* 417 Mass. at 486. In our opinion, there was no ambiguity in the original 1993 judgment; the "clarification" was in effect a modification of that judgment and was no different, except in name, from a grant of relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). Rule 60(b) may not be used as an avenue for challenging legal errors that are readily correctable on appeal. See *Pentucket*

---

[5]The affidavit was filed by Stoehr in the form of a verified motion in support of a motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). That motion was denied. The propriety of the denial is not before us in this appeal.

*Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 236 (1985); *Harris* v. *Sannella*, 400 Mass. 392, 396 (1987); *Amerada Hess Corp.* v. *Garabedian*, 416 Mass. 149, 156 (1993); *O'Malley* v. *O'Malley*, 419 Mass. 377, 382 n.6 (1995). Thus, even if the original judgment was erroneous in imposing several, but not joint, liability, the defendants were obliged to make that claim on appeal.

The original judgment of June 17, 1993, is to remain in force and consists of a judgment of $1,030,067.90 against the corporation[6] and a separate $860,000 judgment without interest against Stoehr, individually. The two portions of the judgment are independent of one another. The order of clarification is vacated.

*So ordered.*

---

[6]The judgment against the corporation consists of:

| | |
|---|---|
| damages: | $ 430,000.00 |
| interest: | $ 170,067.90 |
| doubling of damages: | $ 430,000.00 |
| | |
| Total | $1,030,067.90 |