Curtin, J.
This is a Dist./Mun. Cts. R. A D. A., Rule 8A appeal by the defendants of the denial of their motion for relief from the summary judgment entered against them.[2]
The record indicates that individual defendant William Rowe (“Rowe”) purchased flowers and other goods from the plaintiff wholesaler for his store, Christopher’s Flowers. That business ceased operations in February, 1997, and no payments were made after that time on the account balance owed to the plaintiff. The plaintiff commenced this action against Rowe on May 13, 1997 to recover $5,500.00 for goods sold, plus costs and interest. Rowe’s answer denied personal liability, and alleged that the debt owed to the plaintiff was the corporate obligation of Christopher’s Flowers, Inc. (“Christopher’s”), a Massachusetts corporation of which Rowe was the sole stockholder, officer and director.
On July 22, 1997, the plaintiff filed a motion to amend the complaint to add Christopher’s as a party defendant. Rowe’s legal counsel assented to the motion. In addition to giving his assent, but not as a condition thereto, Rowe’s counsel *86 requested that the plaintiff dismiss its claim against Rowe as an individual. While Rowe's counsel asserted that he never received a response to this request, plaintiff’s counsel stated that she continuously and consistently refused this and all other requests to dismiss Rowe from the suit.
On September 26,1997, the plaintiff filed a Mass. R. Civ. R, Rule 56 motion for summary judgment. Rowe’s counsel sent the following letter, dated October 3, 1997, to plaintiff’s counsel:
Bill Rowe has authorized me to offer the remaining $750.00 in the corporate account to settle the Riccardi’s claim. Otherwise, the business has no defense and if you are only seeking a judgment against the business than [sic] I will not appear and defend. If on the other hand you intend to ‘pierce the corporate veil’ I will have to respond.
In any event, I doubt that a supplementary process examination of Bill will reveal any other business assets left to satisfy a judgment.
May I please hear from you.
Rowe’s counsel contended that he received no response to his offer. Conversely, plaintiff’s counsel maintained that she telephoned Rowe’s counsel, again denied his request to drop Rowe as a party defendant, and indicated that she would proceed to obtain summary judgment against both defendants.
The defendants did not file counter-affidavits, memoranda or any other written opposition to the plaintiff’s Rule 56 motion, and their counsel did not appear at the motion hearing. The trial court allowed the plaintiff’s motion, and summary judgment was entered against both defendants on October 29,1997.
The defendants did not appeal the court’s Rule 56 ruling. Instead, on November 7,1997, the defendants filed a Mass. R. Civ. R, Rule 60(b) (1) motion for relief from judgment predicated solely on the following:
Defendant inquired as to whether plaintiff would seek judgment against the corporation only or the individual as well.
On the strength of plaintiff’s response, defendant’s counsel did not appear.
Plaintiff now has obtained a judgment against both which was not what defendant’s counsel believed he had agreed to by not opposing the summary judgment motion.
1. Relief from judgment pursuant to Rule 60(b)(1) is not warranted in the absence of at least a threshold demonstration of some mistake, neglect or inadvertence which was justifiable or excusable. Turesky v. Carp, 1993 Mass. App. Div. 141, 143; Zisler v. Ayan, 1992 Mass. App. Div. 95. First, there is nothing in the record in the instant case which obligated the motion judge to find that any purported mistake or neglect by defendants’ counsel was excusable. Even assuming arguendo that counsel received no response, as he contends, to his request to dismiss Rowe from the suit or to limit the plaintiff’s Rule 56 motion to Christopher’s alone, there was no reasonable basis for his unilateral and unverified assumption that opposing counsel’s silence constituted a full agreement and assent to his requests. Second, the court was not required to find that there had even been any actual mistake or surprise. There is nothing in the record to support the defendant’s assertions that the “nonresponsiveness of [plaintiff’s counsel] lulled [defendant’s counsel] into the mistaken but excusable misapprehension” that it was unnecessary to oppose the plaintiff’s pending Rule 56 motion. In the absence of an uncontroverted affidavit by defendant’s counsel, see Farley v. Sprague, 374 Mass. *87 419, 424-425 (1978), the judge was free to disbelieve the defendant’s assertions and to accept instead plaintiffs counsel’s representations that she expressly and repeatedly refused defendant’s requests that she proceed against Christopher’s alone.
2. Largely ignoring the inadequacy of his Rule 60(b)(1) grounds for relief, defendant Rowe argues that the denial of his motion constituted reversible error because he satisfied all of the familiar Rule 60(b) (1) factors set forth in Berube v. McKesson Wine & Spirits, Inc., 7 Mass. App. Ct. 426, 430-431 (1979). In this regard, the defendant contends that his purported mistake, neglect or inadvertence was chargeable to his lawyer alone and not due to his own carelessness, that such mistake or neglect occurred well before any trial, that he moved promptly after judgment to assert his request for relief, and that he has a meritorious defense to the plaintiff’s claim.
Satisfaction of the Berube factors does not, however, entitle a party as a matter of law to Rule 60(b) relief from judgment. Fidelity Trust Co. v. Brennan, 1993 Mass. App. Div. 230, 232; Zisler v. Ayan, 1992 Mass. App. Div. 95, 97. It is elementary that the disposition of a motion for relief from judgment rests within the broad discretion of a trial judge, and will not be reversed on appeal in the absence of a showing of a clear abuse of that discretion. Cullen Enter., Inc. v. Massachusetts Prop. Ins. Underwriting Assn., 399 Mass. 886, 894 (1987); Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998). Thus
[fjacts similar to those which the Appeals Court found justified the action of the motion judge in Berube do not compel a ruling that the judge abused his discretion in this case [emphasis in original],
Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 159-160 (1987), quoting from Bird v. Ross, 393 Mass. 789, 791 (1985).
3. Equally devoid of merit is the defendant’s related assertion that he is entitled to relief from judgment because he has a clear defense to the plaintiff’s claim which he would have successfully presented in the trial court had it not been for what he terms the “default-by-mistake” entered against him. First, the judgment against the defendant herein is a summary judgment entered upon the allowance of the plaintiff’s Rule 56 motion. The failure of defendant’s counsel to appear at the hearing on that motion did not, and could not, result in a default of the defendant. Indeed, no default judgment was ever entered in this case.
Second, if a particular defense prevented the plaintiff from satisfying its Rule 56 burden of establishing that there were no genuine issues of material fact herein and that it was entitled to judgment in its favor as a matter of law, the defendant should have appealed what would then have been the erroneous allowance of the plaintiff’s summary judgment motion. The defendant elected, however, to proceed instead by way of a motion for relief from judgment. A Rule 60 (b) motion does not “provide for general reconsideration of an order or judgment,” Amerada Hess Corp. v. Garabedian, 416 Mass. 149, 156-157 (1993), nor can it be used
as a substitute for the regular appeal procedure. [Citations omitted]. An order denying Rule 60(b) relief is appealable, but the appeal raises only the correctness of the order itself, not the purported defects in the underlying judgment.
Piedra v. Mercy Hospital, Inc., 39 Mass. App. Ct. 184, 188 (1995). See also Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987); Al Saud v. Fast Forward, Inc., 43 Mass. App. Ct. 207, 210-211 (1997). While the court may have considered the defendant’s meritorious defense as one Rule 60(b) (1) factor, it was not obligated to reconsider and vacate its summary judgment for the plaintiff on the basis of the *88 defendant’s motion. Nor is the defendant entitled on this appeal to a substantive review of the trial court’s summary judgment ruling.
Accordingly, given the absence of any clear abuse of discretion, the denial of the defendant Rowe’s Rule 60(b) (1) motion is affirmed. Appeal dismissed.
So ordered.

 On September 18, 1998, approximately one year ai-er.'the entry of summary judgment, a Suggestion of Bankruptcy was filed on behalf of defendant Christopher’s Flowers, Inc. The appeal by that defendant is thus stayed, and our review is limited to the denial of defendant Rowe’s Rule 60(b) motion.