Merrick, P.J.
This is an action for goods sold and delivered by plaintiff Arrow International, Inc. to corporate defendant Bay State Bingo Company, Inc. (“Bay State”). The complaint also sought recovery against John P. Hawko (“Hawko”) and his father, John J. Hawko (“Hawko Senior”), who were principals of the defendant corporation. Hawko has appealed the entry of summary judgment against him.
Bay State was incorporated in Massachusetts in 1978. During the mid-1980’s, the corporation began purchasing goods from the plaintiff on an open account The plaintiff dealt with Hawko, who acted as Bay State’s manager. At one point in 1994, Bay State owed the plaintiff $150,000.00; by 1995, it had reduced that indebtedness to $75,156.00.
On December 31,1990, Bay State was dissolved as a corporation by the Secretary of the Commonwealth under G.L.c. 158B, §101 for its failure to file annual reports. By affidavit, Hawko has maintained that he was unaware of the dissolution until after this action was commenced, and that he had at all times operated Bay State as a corporation. The plaintiff has also asserted by affidavit that it thought Bay State was a corporation and that it would not have dealt with the defendants if it had known that Bay State was not a corporation.
The plaintiff filed this action in 1997 to recover a balance of $75,156.00 for goods sold and delivered to Bay State. As noted, the action was brought against not only the dissolved corporation, but also Hawko Senior and Hawko on the theory that they acted as agents for a non-existent principal and were thus individually liable. In February, 1998, the trial court allowed the plaintiff’s motion for summary judgment against Hawko. No final judgment was entered, however, because of the presence of other defendants and the absence of any Mass. R. Civ. R, Rule 54(b), motion for a separate judgment.
On June 8,1998, pursuant to G.L.c. 156B, §108, the Secretary of the Common *285 wealth reinstated Bay State as a corporation. On the basis of that action, Hawko filed a motion for summary judgment in his favor. After some procedural wrangling before a second judge,[3] the parties appeared before the original judge who properly, because no final judgment had been entered, re-heard the motions on the merits. The judge denied Hawko’s motion, allowed the original summary judgment for the plaintiff to stand, and later granted a Rule 54(b) motion for the entry of a separate judgment against Hawko. Hawko has appealed pursuant to Dist./ Mun. Cts. R. A. D. A., Rule 8A.
Hawko argues on this appeal that any personal liability he incurred by dealing as an agent of a non-existent principal is extinguished by G.L.c. 156B, §108, which provides in pertinent part:
If the state secretary finds that the existence of a corporation has terminated in any manner and that such corporation ought to be revived for all purposes ..., he may, upon application by an interested party, file in his office a certificate in such form as he may prescribe reviving such corporation. The state secretary may subject the revival of such corporation to such terms and conditions, including the payment of reasonable fees, as in his judgment the public interest may require. Upon the filing of a certificate reviving a corporation for all purposes, said corporation shall stand revived with the same powers, duties and obligations as if it had not been dissolved, except as otherwise provided in said certificate; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall, except as aforesaid, stand ratified and confirmed [emphasis supplied] .
The revival of a corporation pursuant to §108
has the usual effect of confirming, as corporate acts, the acts of corporate officers in the interim before revival, and correspondingly, of relieving the officers of personal liability. ... The policy of statutes of the Massachusetts... type is highlighted and emphasized by the existence of some statutes elsewhere which take a different tack and declare, in effect, that corporate revival shall not affect the personal liability of officers for acts following dissolution.
Barker-Chadsey Co. v. W.C. Fuller Co., 16 Mass. App. Ct. 1, 6-7 (1983). There is no time limit within which action for revival is required, and it has been held that an individual corporate principal may be excused from personal liability even where revival does not occur until the appeal of a judgment. Id. at 8. The individual defendant may have relief, so long as it includes his "making good any corporate dues owed to the Commonwealth.” Id. at 9.
The plaintiff argues that it was misled by Hawko into thinking it was dealing with a lawfully active corporation. That argument is unavailing. “If that was the mutual understanding, without misrepresentation or any other such reprehensible *286 element, the party could not complain when in the end he fared no worse than he would have done, had the corporation been properly formed.” Id. at 4. The plaintiff would not have anticipated, and would not have had, a right of recourse against Hawko individually.
The trial court’s judgment is reversed and vacated. Summary judgment is to be entered in favor of defendant John P. Hawko.
So ordered.

 Hawko claimed to be unaware of the first summary judgment in favor of the plaintiff because, he said, his original counsel had withdrawn without filing a notice before the plaintiffs Rule 56 motion was allowed. Hawko erroneously proceeded to request what amounted to reconsideration of that first summary judgment ruling by filing a Mass. R. Civ. R, Rule 60, motion to remove a default. Summary judgment is obviously not entered by default, and must be reviewed on its merits. Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446 (1st Cir. 1992); Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 87.