Greco, P.J.
When neither the defendant, Francois Gouin (“Gouin”), nor his lawyer, appeared at a case management conference, the defendant was defaulted. A default judgment was subsequently entered as to the first count of the complaint, the remaining counts being waived. After filing a timely notice of appeal within eight days of judgment, the defendant took no further action to prosecute that appeal as required by Rule 8A, Rule 8B or Rule 8C of the District/Municipal Court Rules for Appellate Division Appeal. The trial court dismissed the appeal.[2] The defendant had, however, filed a motion to vacate the default judgment with his notice of appeal. That motion was ultimately heard and denied. The defendant filed another notice of appeal and appropriately perfected that appeal. Thus, in these circumstances, the only issue before us for review is whether the trial court erred in denying the defendant’s motion to vacate the default judgment. We conclude that she did not.
Eyal Reporting Service, Inc. (“Eyal”) commenced this action in the Newton Division of the District Court Department in October, 2004 to obtain payment from the defendant for the cost of preparing a transcript of the defendant’s divorce proceedings in the Probate Court. After the defendant filed an answer and counterclaim, the matter was scheduled for a case management conference for January *100 19,2005. At the request of the parties, that conference was rescheduled to January 20th, at which time it was again rescheduled to March 24th, and then again to April 19th, ostensibly because the parties were trying to resolve their dispute. No settlement was reached, and the parties were due at the Newton District Court at 2:30 p.m. on April 19th. At some point that day, defense counsel faxed a letter to the Clerk-Magistrate of the Newton Court informing him that she would “be unavoidably late for the 2:00 status meeting due to [her] having worked through the night on another case.” She also inquired whether the conference could be held over the telephone. Even though defense counsel received no reply, neither she, nor her client, appeared at the court on April 19th, on time or otherwise, and the defendant was defaulted. Upon Eyal’s application, a default judgment was entered against Gouin on April 26, 2005. It is the denial of the defendant’s motion to vacate that default judgment that is at issue on this appeal.
Because a judgment had entered, we consider Gouin’s motion as filed under Mass. R. Civ. R, Rule 60(b), and not as a motion to set aside a default under Mass. R. Civ. R, Rule 55 (c). While Rule 60(b) lists six reasons which would warrant relief from a final judgment, the only one relevant here is set out in Rule 60 (b) (1). Under that subsection, relief from judgment “is not warranted in the absence of at least a threshold demonstration of some mistake, neglect or inadvertence which was justifiable or excusable.” Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 86. In the case at bar, there was no mistake about the date of the case management conference or the defendant’s obligation to attend that conference. Also, defense counsel’s failure to attend was not the result of some inadvertence or oversight; her stated reasons for not attending were that she was overworked, was tired, and did not want to travel from Andover, MA to Newton, MA. This leaves excusable neglect as the only available ground for allowance of the defendant’s motion to vacate.
The resolution of the motion was
properly addressed to the sound discretion of the trial judge ... [who was] in the best position to balance the competing claims of fairness to the litigants and case-flow efficiency.... Therefore, while appellate courts have not hesitated to intercede when the circumstances so required, a judge’s decision will not be overturned except upon a showing of a clear abuse of discretion.
Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 157-158 (1987). An appellant must show that
the judge’s broad discretion was abused to such an extent that his decision constitutes an arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice that no conscientious judge, acting intelligently, could honestly have reached and which effectively amounts to a miscarriage of justice.
Care and Protection of Georgette, 54 Mass. App. Ct. 778, 787 (2002). In the final analysis, even satisfaction of all the factors set out in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979) “does not... entitle a party as a matter of law to Rule 60 (b) relief from judgment.” Riccardi, supra, at 87.
Contrary to the defendant’s argument in this case, application of the Berube factors does not support his position. While the default may not be attributable to the defendant personally, it certainly could be deemed “the product of a consciously chosen course of conduct on the part of counsel....” Berube, supra, at 431. Counsel has included in the record her calendar for the month of April, 2005 to show, we presume, that she was overwhelmed with court obligations and, therefore, justi- *101 fled in not appearing at Newton. Assuming the calendar was also presented at the hearing on the motion to vacate the default judgment, the trial judge would have been warranted in being unimpressed. The calendar reveals no court appearances or other obligations for the three business days preceding April 19, 2005. Moreover, there is no “showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit,” Id. at 430; there are only counsel’s bald assertions to that effect. Finally, it certainly would not have been arbitrary, capricious or whimsical from a case flow management point of view for the trial judge to conclude that a default was in order when, for the third time, a scheduled conference did not take place.
Accordingly, the denial of the motion to vacate judgment is affirmed. Appeal dismissed.
So ordered.

 In any event, any appeal at that stage would have presented only two possible issues; to wit, whether a default could be entered for failure to appear at a case management conference, and whether the trial court erred in previously denying the defendant’s motion to dismiss. As to the former, Section III A of Joint Standing Order 1-04 promulgated by the Boston Municipal and District Court Departments expressly provides that a court “may impose sanctions, including dismissal, default and assessment of costs, for failure to attend a [case management] conference without good cause.” As discussed below, there was no such good cause in this case. As to the latter issue, the essence of the motion to dismiss was that the defendant had done business with “Eyal Court Reporting, Inc.,” as opposed to the named plaintiff, “Eyal Reporting Service, Inc.” However, any discrepancy in this regard would appear to be a factual matter to be resolved at trial. Moreover, we note that the record is replete with references to defense counsel’s efforts to settle the matter with the very party with which she contends her client never did business. Thus, there would have appeared to be little merit in the first attempted appeal. Finally, there is “no doubt that the [trial] judge had the power on [her] own” to dismiss the defendant’s initial appeal. See Crystal Construction Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002).