Forte, J.
This is an appeal by the defendant/plaintiff-in-counterclaim, JSA International, Inc. (“JSA”), of the denial of its motion to vacate a judgment of dismissal entered pursuant to District Court Department Standing Order 1-88 (“S.0.1-88”).
At issue on this appeal is the proper application of the district court time standards to counterclaims. The ambiguity in S.0.1-88 with respect to such claims is responsible, in part, for the procedural errors by the trial court clerk’s office and by JSA herein.
The docket indicates that plaintiff Shlomo Eliad (“Eliad”) filed his complaint on April 13,1992. On May 7,1992, JSA submitted its answer and a compulsory counterclaim which sought damages for Eliad’s alleged breach of contract and unjust enrichment.
On June 18,1992, the court allowed JSA’s motion for attachment by trustee process in the amount of $125,000.00. On June 25, 1992, a second judge allowed a $25,000.00 reduction in the amount of the attachment. The Trustee thereafter answered that it held funds in the amount of $47,808.65.
On August 14,1992, a third judge allowed JSA’s Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment on Eliad’s complaint. Summary judgment for the defendant was entered on August 17, 1992. Immediately above the typewritten entry of judgment on the docket is the handwritten notation “[djefts counterclaim will proceed to trial.” After the denial of his subsequent motion to amend the court’s judgment, Eliad filed a Dist./Mun. Cts. R. Civ. R, Rule 64 draft report. A docket entry for September 16, 1992 states, with respect to Eliad’s draft report, that “[tjhe report is premature and there is no final judgment in this case as deft’s counterclaim remains to be tried. Therefore, he [judge number 3] does not intend to act upon the draft report.”
On May 3,1993, the clerk’s office entered an order of dismissal pursuant to S.O. 1-88, and notified all parties.
On June 3,1993, the Trustee released the attached funds. This action was taken contrary to the advice given by an Assistant Clerk to the Trustee that the funds should not be released without a court order.
On June 9,1993, JSA attempted to reschedule its previously postponed deposition of Eliad. Eliad refused to reschedule on the grounds that JSA’s counterclaim *148 had been dismissed on May 3,1993. JSA’s counsel, who had received notice of the May 3, 1993 dismissal but purportedly believed it did not apply to the counterclaim, subsequently contacted the clerk’s office. In response to JSA’s complaint, a clerical worker “whited out” the May 3,1993 entry on the docket of the S.O. 1-88 dismissal. JSA thereafter attempted to file a Request for Trial. A second clerical worker refiised to accept the filing,[1] indicated that the deletion of the May 3,1993 entry by the first worker was improper, and retyped the entry of dismissal over the “white out.” An Assistant Clerk eventually intervened, and JSA’s Request for Trial was docketed on June 14,1993.
Eliad’s counsel responded to JSA’s request for a November 16,1993 trial date by letter to the clerk’s office which indicated that JSA’s Request was improper in view of the May 3, 1991 dismissal and that the clerk’s office should notify Eliad if the Request were not stricken. The clerk’s office did not so notify Eliad, and neither he, nor the Trustee, appeared on November 16, 1993. The clerk’s office instead placed the matter on a motion rather than a trial list in an apparent effort to obtain judicial clarification of the status of JSA’s counterclaim and the viability of its Request for Trial. On November 16,1993, a fourth judge ruled as follows:
Defendants [sic] request for trial is stricken from the docket as dismissal is on record. This decision does not preclude the filing of a motion to revoke order of dismissal.
Two months later, on January 20,1994, JSA filed a motion to vacate the S.O. 1-88 dismissal of its counterclaim. Its motion was denied by a fifth trial court judge, and JSA thereafter claimed this appeal.
1. It is essential to note at the outset that, contrary to JSA’s contention, the May 3, 1993 S.O. 1-88 judgment of dismissal clearly pertained to JSA’s counterclaim. Summary judgment in favor of JSA on Eliad’s complaint had been entered almost nine months earlier. Two subsequent docket entries expressly underscored the obvious point that all that remained to be tried in the case was the counterclaim. As there was nothing else to dismiss on May 3,1993, the S.O. 1-88 dismissal obviously applied to the counterclaim. JSA’s contrary argument defies common sense and does not merit discussion.
2. Whether the clerk’s office erred in dismissing the counterclaim is, however, a separate issue.
Sections IV-C-2 and 3 of S.O. 1-88 provide, in relevant, part:
2. Counsel shall file with the court a Request for Trial... no earlier than the first day of the tenth full month and no later than the last day of the twelfth full month after the case was filed... [emphasis supplied].
3. Any case not previously disposed, and in which a Request for Trial has not been filed in accordance with this Order shall be dismissed by operation of this Order without prejudice. The Clerk-Magistrate shall enter judgment on such dismissal in accordance with Rule 79 of the Dist./Mun. Cts. R. Civ. R on the first day of the thirteenth month after filing or as soon thereafter as is practicable [emphasis supplied].
JSA’s counterclaim was filed on May 7,1992. Pursuant to Section IV-C-2, JSA had until May 31,1993 to file its Request for Trial. No judgment of dismissal for failure to file such Request could properly have been entered until June 1, 1993. The court’s entry of judgment dismissing JSA’s counterclaim on May 3,1993 was premature and thus error.
Eliad contends, and the trial court clerk obviously concluded, that the S.O. 1-88 *149 time periods for filing a request for trial and for entering a judgment of dismissal on the counterclaim ran not from the date of its filing by JSA, but from the earlier date of the filing of Eliad’s complaint which commenced the action. We recognize the clerical facility of implementing S.O. 1-88 strictly in terms of the date of the complaint and irrespective of subsequent filings of counterclaims and cross claims. There is, however, nothing in S.O. 1-88 which would mandate so narrow and literal a construction of the Section IV-C-2 phrase “after the case was filed.”
The Standing Order could have been easily and clearly drafted exclusively and specifically in terms of the date of the filing of the plaintiffs complaint. Section IVC-l instead provides:
It shall be the responsibility of counsel to complete service and the preparation of his or her case by the end of the twelfth month after filing ... [emphasis supplied].
This provision can be reasonably construed as imposing on each plaintiff and defendant the obligation to complete trial preparation of each party’s respective complaint, counterclaim or crossclaim within twelve months of the filing of each party’s case. Such construction avoids the unfairness of imposing shorter, more restricted time limitations on defendants. Such limitations are particularly unnecessary in cases such as this one where the plaintiffs complaint is disposed of not only before trial, but also well before the expiration of the S.O. 1-88 twelve month preparation period, and all that remains of the action is the defendant’s counterclaim.
3. Much of the procedural confusion generated by the erroneous entry of the May 3,1993 judgment could have been avoided if JSA had pursued its G.L.c. 231, §59G remedy on or before June 3,1993. The statute provides, in part:
After notice of judgment, a judgment of dismissal for failure to file a timely request for trial entered in an action in the district court shall be vacated upon the filing of a motion therefor within thirty days from entry of said judgment together with a request for trial. Such vacation of judgment shall take effect upon the filing of such motion and request for trial ... [emphasis supplied].
The judgment herein would have been immediately and automatically vacated upon a proper and timely statutory filing by JSA.
As the G.L.c. 231, §59 deadline expired well before JSA even contacted the clerk’s office, its only remedy was the filing of a Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from the S.O. 1-88 judgment. We note that the motion to vacate filed by JSA erroneously referenced Rule 60(a) in its text. Rule 60(a) is limited to clerical mistakes of “transcription, copying or calculation,” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §60.2 (1977), and does not afford relief for substantive, legal errors even if committed by the clerk. See, e.g., Frank D. Wayne Assoc., Inc. v. Lussier, 394 Mass. 619, 622-623 (1985); Charles Choate Memorial Hosp. v. Commissioner of Public Welfare, 13 Mass. App. Ct. 1080 (1982). As the premature entry of judgment based on a misinterpretation of S.O. 1-88 falls within the latter category, a motion pursuant to Rule 60 (b) (1) rather than Rule 60 (a) was the appropriate procedural remedy. Rule 60(b) (1) applies to errors by the court as well as to those of the parties or their counsel. Bromfield v. Commonwealth, 400 Mass. 254, 256 (1987); Chavoor v. Lewis, 383 Mass. 801, 805 n.3 (1981).
4. Given the error in the premature entry of the S.O. 1-88 judgment of dismissal on the counterclaim herein, JSA’s motion to vacate should have been allowed. The court’s contrary decision presumably resulted from the ambiguity in S.O. 1-88 *150 itself with respect to counterclaims, and was undoubtedly influenced by that portion of S.0.1-88, §IV-C-3 which states:
Motions for relief from such judgment of dismissal shall not be favored, and shall be allowed only upon payment of reasonable costs ...
Contrary to this provision, the granting of Rule 60(b) relief and the decision to impose conditions, including costs, remain well within the discretion of the motion judge. Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 159-160 (1987); Bird v. Ross, 393 Mass. 789, 791 (1987); Currier v. Malden Redevelop. Autk, 16 Mass. App. Ct. 906, 907 (1985). Supplemental court rules and standing orders are permitted only to the extent that they are not inconsistent with the Rules of Civil Procedure. Sullivan v. Iantosca, 409 Mass. 796, 801 (1991).
5. Accordingly, the denial of JSA’s motion to vacate judgment is hereby reversed, and the court’s May 3,1993 S.0.1-88 judgment of dismissal is vacated. This action is returned to the Cambridge Division for trial.

That such action was improper and clearly in excess of the limited, ministerial authority of clerk’s office personnel requires no discussion.