Furnari, J.
This is the second appeal decided this date, see Eliad v. JSA Internat’l Inc., 1994 Mass. App. Div. 147, which challenges the denial of a motion to vacate a judgment of dismissal entered pursuant to the time standards of District Court Department Standing Order 1-88 (“S.0.1-88”).
The record indicates that the plaintiffs commenced this action on April 9,1990 to recover for the defendants’ alleged breach of a contract for the sale of a boat.
Defendant Ocean Options, Inc. filed an answer and claim for jury trial on May 4, 1990. Defendant Bay Yacht, Inc. filed its answer as well as a cross-claim against Ocean Options on May 29,1990.
During the ensuing ten month period, the parties engaged in settlement negotiations and conducted discovery. The last recorded action taken by the plaintiffs in 1991 was their filing of answers to the interrogatories of both defendants and their response to Bay Yacht’s request for production of documents on March 12,1991.
The plaintiffs did not file a request for trial by “the last day of the twelfth full month after the case was filed” as mandated by S.0.1-88, §IV-C-2, or at any time.
On May 1,1991, the trial court clerk entered a judgment of dismissal pursuant to S.0.1-88, §IV-C-3 which states:
Any case not previously disposed, and in which a Request for Trial has not been filed in accordance with this Order shall be dismissed by operation of this order without prejudice. The Clerk-Magistrate shall enter judgment on such dismissal in accordance with Rule 79 of the Dist./Mun. Cts. R. Civ. P. on the first day of the thirteenth month after filing or as soon thereafter as is practicable. Notice of entry of judgment shall be sent immediately by the Clerk-Magistrate in accordance with the provisions of Rule 77(d) of the Dist./Mun. Cts. R. Civ. R
On May 2,1991, the clerk mailed written notice of judgment to all parties.
On November 17, 1993, more than two and one-half years after judgment, the plaintiff filed a “Motion to Vacate Order of Dismissal and Restore Action to Trial List.” In a supporting affidavit, plaintiff’s counsel indicated that he “learned on November 10,1993 that the ... action was dismissed,” that he had no prior knowledge of such dismissal and that he had never received notice thereof from the clerk. Attorneys for both defendants submitted affidavits in opposition to the plaintiffs’ motion which stated that they had each received the clerk’s notice of the *152 entry of judgment on or about May 5,1991. Further, the trial judge’s report to this Division sets forth the defendants’ claim that, at the motion hearing, plaintiffs’ counsel admitted receiving a notice of dismissal and misfiling the notice in his office. Plaintiffs’ counsel now contends that he does not recall such admission and that he stands by his affidavit.
1. Relief from a S.O. 1-88 judgment of dismissal entered for a failure to file a Request for Trial or otherwise comply with district court time standards may be obtained pursuant to statute or rule of court. The plaintiffs in this case failed, however, to satisfy the requirements for such relief, and there was thus no abuse of discretion in the court’s denial of the plaintiffs’ motion to vacate judgment.
A party who suffers a S.O. 1-88 dismissal of his or her case for failing to file a timely Request for Trial may obtain immediate and unconditional relief from such judgment under G.L.c. 231, §59G. See Eliad v.JSA Internat’l Inc., ante at 149. The statute mandates the automatic vacating of a district court S.O. 1-88 judgment if both a motion to vacate and a request for trial are filed within thirty (30) days of the entry of such judgment. As the plaintiffs’ motion to vacate was filed more than thirty months after judgment, they were clearly not entitled to G.L.c. 231, §59G relief.
2. After the expiration of the statutory thirty day period, the exclusive procedural vehicle for relief from a S.O. 1-88 judgment is a Dist./Mun. Cts. R. Civ. P., Rule 60 motion.[3] Section IV-C-3 of S.O. 1-88 provides:
Motions for relief from such judgment of dismissal shall not be favored, and shall be allowed only upon payment of reasonable costs, provided however that such motions shall be otherwise governed by the provisions of Rule 60 of the Dist./Mun. Cts. R. Civ R [emphasis supplied].[4]
The plaintiffs’ motion to vacate in the instant case did not, however, qualify as a Rule 60(b) (1) motion for relief from judgment for mistake, inadvertence or excusable neglect. A Rule 60(b) (1) motion must be filed within one year of the entry of judgment, Roberson v. Boston, 19 Mass. App. Ct. 595, 596 (1985); Wheeler v. Springfield Sugar & Products Co., 15 Mass. App. Ct. 979, 979-908 (1983), and, as noted, the plaintiffs took no action for two and one-half years.
3. The plaintiffs’ motion to vacate could only have been considered, therefore, under Rule 60(b) (6). Such a motion must be filed within a reasonable time after judgment, Klimas v. Mitrano, 17 Mass. App. Ct. 1004 (1984), must be predicated on “extraordinary circumstances” which are distinguishable from Rule 60(b) (l)-(5) grounds for relief, Bird v. Ross, 393 Mass. 789, 791 (1985); Adoption of Hugh, 35 Mass. App. Ct. 346, 347 (1993), and must demonstrate that the moving party has a meritorious claim or defense. Parrell v. Keenan, 389 Mass. 809, 815 (1983); Gifford v. Westwood Lodge Corp., 24 Mass. App. Ct. 920, 922 (1987).
The plaintiffs have satisfied none of these prerequisites to Rule 60(b) (6) relief. *153 The general, conclusory averment by counsel that the plaintiffs “possess a valid cause of action and trial in good faith is intended” was devoid of the factual specificity necessary to demonstrate that the plaintiffs’ claim was meritorious. New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140, 142 (1989). Second, there is no suggestion in the plaintiffs’ motion of any extraordinary circumstances warranting Rule 60(b) (6) relief. Lack of notice to the moving party of a hearing, motion, trial or case settlement may constitute a “sufficienty fundamental flaw” to permit such relief in cases where the lack of notice unfairly deprived the moving party of an opportunity to present his claim or defense, to assert rights or take other action in opposition to the entry of the judgment in question. See Bushnell v. Bushnell, 393 Mass. 462, 474 (1984); Chavoorv. Lewis, 383 Mass. 801, 806 (1981); Duco Enterp., Inc. v. Abdelnour, 1994 Mass. App. Div. 103. The S.O. 1-88 judgment of dismissal herein was entered against the plaintiffs because of their failure to file a timely request for trial, not because of any subsequent lack of notice of such judgment.
At best, the plaintiffs’ assertion that they did not receive the notice of judgment, which they concede was issued by the clerk, could have been considered as an explanation for their delay of two and one-half years in seeking Rule 60(b) relief. Such assertion was insufficient, however, to excuse the plaintiffs’ failure to file a Rule 60(b) (6) motion within a reasonable time. Generally, a party cannot abdicate its responsibility to monitor the progress of its own litigation by relying on the trial court clerk, and cannot claim that its delay in taking appropriate procedural steps was excused by a clerk’s failure to issue notice. See Brown v. Quinn, 406 Mass. 641, 644-645 (1990); Locke v. Slater, 387 Mass. 682, 686 (1982). Butcf. Abbott v. John Hancock Mut. Life Ins., 18 Mass. App. Ct. 508, 515-516 (1984).. With respect to district court time standards, there is little need for reliance on a clerk’s notice. The time periods of S.O. 1-88 are fixed and specific, and the operation of the Order is automatic. Sections IV-C-1 and 2 expressly impose on counsel the responsibility of completing trial preparation and requesting a trial date within twelve months of the filing of counsel’s case. Section IV-C-3 mandates the dismissal of any action in which no request for trial has been timely filed. Thus as a practical matter, no notice by the clerk was necessary to inform the plaintiffs of the certain S.O. 1-88 dismissal of their action in consequence of their own failure to file a timely request for trial.
4. In short, the trial judge could have properly determined in the exercise of his discretion that the plaintiffs’ motion was not filed within a reasonable time, did not indicate that the plaintiff’s claim was meritorious, and was not predicated on extraordinary circumstances warranting Rule 60(b) (6) relief.
There being no error, the court’s denial of the plaintiffs’ motion to vacate is affirmed. Report dismissed.

The plaintiffs’ brief sets forth the curious argument that they “do not now, nor have they heretofore, claimed that their motion was brought under the provisions of Dist./Mun. Cts. R. Civ. P. 60 ... [and] do not claim that any of the conditions required by Rule 60 existed at any time, nor do plaintiffs claim that the Rule 79 [sic] Notice was not sent by the Clerk as directed. Plaintiffs’ sole claim is that the Notice, if sent, was not received.” To the extent that this argument suggests that Rule 60 does not govern motions for relief from S.O. 1-88 judgments, it is patently erroneous. To the extent that such argument concedes that the plaintiffs were not entitled to Rule 60 relief, we concur.

The decision to grant relief from judgment and to impose costs or other conditions on such relief are matters within the judge’s discretion under Rule 60. To the extent that s. IV-C-3 of S.O. 1-88 is inconsistent with Rule 60, the Standing Order provision is without effect. Sullivan v. Iantosca, 409 Mass. 796, 801 (1991).