VINCENT PIEPUL *vs.* JOHN C. BRYSON & others.[1] No. 95-P-1542. December 26, 1996. *Practice, Civil,* Discovery, Interrogatories, Vacation of judgment.

Before the Superior Court lowered on the plaintiff the boom of a final judgment under Mass.R.Civ.P. 33(a), 368 Mass. 906 (1976), slightly more than five months had elapsed since service on the plaintiff of interrogatories by the defendants. When plaintiff's counsel received notice of the entry of final judgment, he then acted with relative alacrity and, within two weeks, filed a motion to vacate judgment, accompanied by answers to the defendants' interrogatories. The Superior Court judge, on the basis of the criteria discussed in Berube v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979), could, in the exercise of her discretion, have granted the plaintiff's motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), to vacate judgment, but the judge was not compelled to do so. We shall not disturb the judge's denial of that motion.

After describing the bases on which a judgment may be vacated under rule 60(b), the *Berube* opinion goes on to emphasize the deference which appellate courts are to accord a lower court's balancing judgments in deciding whether to grant or to deny a rule 60(b) motion. *Id.* at 434.

Rule 33(a) is neither obscure nor unfamiliar: interrogatories are to be answered within forty-five days. Step one of the application for a final judgment — for failure to answer within forty-five days — is a routine event. Parties are then on notice that, unless the court orders otherwise, the interrogatories must be answered within the next thirty days or the machinery

---

[1]Partners in the law partnership of Murphy, McCoubrey, Murphy, Gelinas, Stocks & Auth.

which produces final judgment may begin to engage in earnest. A posture of relaxation at that point is perilous, however much the day-to-day culture among lawyers tends toward a relaxed attitude about the rigors of the rules. In *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426 (1986), the nonresponsive and defaulting party was far more nonchalant than the plaintiff was in this case, but the *Greenleaf* case, in principle, is very much in point.

By reason of Administrative Directive No. 91-1 of the Superior Court, effective July 1, 1991, the clerks of the Superior Court no longer notify a party who has failed to answer interrogatories that an application for final judgment has been made, as rule 33(a) provides. Under the rule, the party who makes that application is obligated to serve and, thus, notify opposing counsel of the rule 33(a) application, and, when *reapplying* for a final judgment (as to such reapplication there is no requirement for service under the rule), to file with the court an affidavit setting forth "[t]he date and manner in which the application for final judgment for relief or dismissal was served on the party against whom relief is sought." Administrative Directive No. 91-1 of the Superior Court. The defendants filed such an affidavit. The plaintiff was on notice of step one of the rule 33(a) process and cannot convincingly claim to be deprived of due process.

*Order denying motion to vacate judgment affirmed.*

The case was submitted on briefs.

*Andrew M. Fischer* for the plaintiff.

*John D. Ross, III, & Cauleen Ross Kearney* for the defendants.