Hershfang, J.
The plaintiff argues that it did all that was necessary to supply satisfactory answers to defendant’s interrogatories. However, the record on appeal lacks those questions and responses. That reason alone warrants dismissal of the plaintiffs appeal. See Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992) (appellant has responsibility to include all relevant portions of the record in order to allow review of the issues presented on appeal).
But we needn’t go even that far. Rule 33(a) is dear. Interrogatories must be answered within the given forty-five day time frame. After the expiration of that period, plaintiff had an additional thirty days to submit its answers before the conditional judgment of dismissal became final. Instead of supplying answers within the allotted time frame, the plaintiff did nothing. In fact, the plaintiff filed no response until three more months had passed, when it filed a motion to vacate judgment. Plaintiff now argues that the trial judge abused his discretion in denying its motion to vacate. To the contrary, the judge had every right to deny the plaintiff’s motion to vacate the judgment of dismissal under the circumstances of this case. Piepul v. Bryson, 41 Mass. App. Ct. 932, 932-933 (1996).
Appellant has cited no case and we know of none under which a judge’s exercise of discretion in circumstances such as exist here was overruled, a point appellant did not contest at oral argument. In these circumstances double costs and damages may be imposed. Dist./Mun. Cts. RAD. A., Rule 25. We give fair warning that in similar circumstances hereafter they will be.
Accordingly, the appeal is dismissed.