Wright, J.
This is a Dist/Mun. Cts. R. A. D. A., Rule 8C, appeal by the plaintiff of the denial of his motions to vacate a judgment of dismissal entered pursuant to Mass. R. Civ. R, Rule 33(a) (6), for his failure to submit timely answers to interrogatories.
The plaintiff filed this action on August 24, 2001 to recover for the defendant’s alleged breach of contract in denying the plaintiffs insurance claim for the loss of his stolen vehicle. On January 14, 2002, the defendant served its first set of interrogatories on the plaintiff. The plaintiff failed to answer the interrogatories within the forty-five day period prescribed by Rule 33(a), which expired on March 1, 2002.
On March 5, 2002, the Supreme Judicial Court amended Rule 33(a), effective May 1,2002. Contrary to the plaintiffs contention on this appeal, it is dear that the amended rule applied in this case and that the defendant properly proceeded in accordance with the provisions of the amended, rather than the former, rule. With respect to actions commenced prior to May 1, 2002, including the present case, the Justices expressly ordered that the amended rule
shall be applicable: (1) in instances where interrogatories are served on or after May 1, 2002 or (2) in instances where interrogatories were served prior to May 1, 2002 but no written application requesting final judgment for relief or dismissal (for failure to answer or object to interrogatories) has been served or filed prior to May 1,2002.
Rule 33(a), 436 Mass. 1401 (2002).[1] As the defendants interrogatories had been served before May 1,2002, but no application for final judgment had been filed by that date, this case fell squarely with the second category of pre-May 1,2002 cases to which amended Rule 33(a) applies.
On July 11, 2002, pursuant to amended Rule 33(a)(3), the defendant served the plaintiff with a “Final Request For Answers to Interrogatories.” The “Final Request’ *151 demanded the plaintiff’s answers within the time specified by Rule 33 (a) (3) (i.e., thirty days) and indicated that the defendant would file an application for final judgment under Rule 33 (a) (4) if answers were not provided. The plaintiff did not respond.
As required by amended Rule 33(a) (4), the defendant waited forty days after service of its “Final Request” before filing and serving an “Application for Final Judgment” with the necessary supporting documentation. Upon receipt of that application on August 26,2002, the trial court clerk should have entered forthwith a “final judgment” of dismissal pursuant to Rule 33(a) (6). The clerk instead followed the procedures of former Rule 33(a) and issued a “Notice of Application for Final Judgment,” advising the plaintiff that if interrogatory answers were not served within thirty days or at least prior to the defendant’s filing of a reapplication, judgment would be entered against the plaintiff. The plaintiff responded by serving the defendant with answers to interrogatories on August 27,2002.
The defendant thereafter advised the trial court clerk’s office of its error in failing to enter judgment on August 26,2003 as mandated by amended Rule 33 (a) (6). Judgment for the defendant was finally entered on November 14,2002.[2]
On November 22, 2002, the plaintiff sought relief from the judgment of dismissal by filing a motion “to vacate default judgment.” The two-sentence motion simply recited that answers to interrogatories had been forwarded to the defendant on August 27, 2002. The motion was denied, after hearing, on December 13, 2002. On January 6, 2003, the plaintiff filed a second motion “to vacate default judgment” under Mass. R. Civ. R, Rule 60(b)(1). As grounds therefor, plaintiff’s counsel asserted that his reliance on both his own misinterpretation of amended Rule 33(a), as well as that of the trial court clerk’s office, constituted excusable neglect. On January 31, 2003, the court denied the plaintiff’s second motion without hearing on the basis that it was identical to the motion previously denied on December 13,2002. This appeal by the plaintiff followed.
1. The peculiarity of the plaintiff’s filing of successive Rule 60 motions necessitates an initial procedural comment.
The essence of the plaintiff’s position in the trial court and on this appeal was the erroneous contention that amended Rule 33(a) was inapplicable in this case. His motions to vacate what he mistakenly characterized as the “default judgment” of November 14, 2002 were predicated and argued on two grounds; namely, that no judgment should have been entered against him because he served interrogatory answers in compliance with former Rule 33(a), and that his reliance on a misinterpretation of amended Rule 33 (a) by both his attorney and the trial court clerk amounted to excusable neglect. When his first motion to vacate based on those two arguments was denied on December 13, 2002, the plaintiff should have filed an appeal of that ruling. He failed to do so.[3]
With the exception of a specific reference to Rule 60(b) (1) and a slightly more detailed outline of his argument, the plaintiff’s second motion to vacate was identical to his first. The filing of a second Rule 60 motion did “not serve as the substitute for the regular appeal procedure,” Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 84 n.5, and thus failed to preserve the plaintiff’s right to appel *152 late review of the propriety of the December 13,2002 denial of his first request for relief from judgment Nor did the second motion entitle the plaintiff to a substantive reconsideration of his December 13, 2002 arguments. Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 87. As there had been no change in the circumstances of this case, the motion judge was not required by the plaintiffs second Rule 60 motion to reconsider his earlier ruling. Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 808 (2002). The plaintiffs present appeal of the denial of his second Rule 60 motion presents only the issue of whether the motion judge properly exercised his discretion in declining to reconsider the plaintiffs first motion. 402 Rindge Corp. v. Tsao, 2002 Mass. App. Div. 30, 32. There was no abuse of discretion in that ruling.
2. Because both parties have argued the issue, we turn briefly to the plaintiffs erroneous contention that he was entitled to relief from the judgment of dismissal under either Rule 60(a) or Rule 60(b) (1).
Rule 60(a) is limited to the correction of purely clerical mistakes of “transcription, copying or calculation,” Eliad v. JSA International, Inc., 1994 Mass. App. Div. 147, 149, quoting J.W. Smith & H.B. Zobel, Rules Practice, §60.2 (1977), which entail or result from simple “oversights, omissions [or] unintended actions or failures to act.” McCrimmins v. Century Pacific Housing Partnership, Ltd., 1998 Mass. App. Div. 131, 132. The rule cannot be invoked to correct “substantive legal errors” by either a court or a clerk. Eliad v. JSA International, Inc., supra at 149. A clerk’s intentional entry of judgment in accordance with his or her interpretation of a procedural rule, even where erroneous, is not a simple clerical misstep which can be remedied under Rule 60(a). Second, and more to the point in this case, the clerk’s proper entry of a judgment of dismissal under amended.Rule 33(a)(6) herein was not an error in any sense, but was instead the required procedural consequence of the plaintiff’s failure to serve timely answers to the defendants interrogatories. The November 14, 2002 entry of judgment against the plaintiff was in fact a correction of the clerk’s earlier error on August 26,2003 in issuing a “Notice of Application for Final Judgment” to the plaintiff under former Rule 33(a) which no longer applied in this case.
Similarly, the trial court judge properly exercised his discretion, Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriters Assn., 399 Mass. 886, 894 (1987); Piepul v. Bryson, 41 Mass. App. Ct. 932 (1996), in denying the plaintiffs motion to vacate judgment under Rule 60(b) (1). It is elementary that “at least a threshold demonstration of some mistake, neglect or inadvertence which was justifiable or excusable,” Riccardi Wholesale Florists v. Rowe, supra at 86, is a prerequisite to Rule 60(b)(1) relief. The plaintiff attributed his failure to answer interrogatories to his attorney’s mistaken reliance on his own misinterpretation, and that of the trial court clerk, of amended Rule 33 (a). However, “ [t] he concept of excusable neglect does not embrace a flat mistake of counsel about the meaning of a statute or rule....” Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 79 n.6, quoting Goldstein v. Barron, 388 Mass. 181, 186 (1980). Nor is “reliance on a clerk’s incorrect legal advice ... a form of neglect considered excusable.” Arequipeno v. Hall, 2000 Mass. App. Div 97, 99 n.4, quoting Jones v. Manns, 33 Mass. App. Ct. 485, 492 (1992).
Appeal dismissed.
So ordered.

 See Alves v. General Motors Corp., No. 002448A (Mass. Super. Ct June 12, 2002).

 A September 9, 2002 entry on the docket appears to reflect the defendant’s continued demands for judgment entry in compliance with Rule 33 (a) (6). It states: “Under new 33(a) Rules judgment of dismissal enters. No need to wait 30 days.” Given this entry, the subsequent two month delay in the entry of judgment remains unexplained.

 The plaintiff’s December 27, 2002 notice of appeal was filed after the expiration of the ten day period prescribed by Dist./Mun. Cts. R. A. D. A., Rule 4(a), and was not accompanied by payment of the filing fee as mandated by Dist./Mun. Cts. R. AD. A., Rule 3(a).