Jennings, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by the plaintiff of the denial of her Mass. R. Civ. P., Rule 60(b)(1), motion to vacate a Mass. R. Civ. P., Rule 33(a)(4), judgment of dismissal for failure to answer interrogatories.
The record indicates that on January 3, 1999, plaintiff Sonia Lucas sustained injuries when the vehicle in which she was riding as a passenger was struck in the rear by a vehicle owned by defendant Alfred Leblanc. The plaintiff commenced this motor vehicle tort action on December 24,2001 against Leblanc and a second defendant, “John Doe.”[1]
On January 28, 2002, defendant Leblanc served and filed his answer, a request for production of documents and his first set of interrogatories to the plaintiff. The plaintiff failed to serve interrogatory answers within either the 45 days prescribed by Mass. R. Civ. P., Rule 33(a), or even the next several months.[2] On June 13,2002, the defendant served the plaintiff with a Rule 33(a)(3) “Final Request for Answers to Interrogatories” which indicated that if answers were not received within 30 days, the defendant would apply for a final judgment of dismissal pursuant to Rule 33(a)(4). The plaintiff again failed to respond, and the defendant’s “Application for Final Judgment of Dismissal” and supporting affidavit were filed in the trial court on July 29, 2002.
The action was dismissed pursuant to Rule 33(a)(4) the next day, July 30,2002, during a case management conference. However, as the parties agree and the docket indicates, the trial court judge stated that favorable action might be taken on a motion to vacate the dismissal if the plaintiff filed such a motion and her interrogatory answers by August 20, 2002.[3] The plaintiff failed to do so. She instead served answers to interrogatories on August 23, 2002 and filed the same on August 26, 2002. The plaintiffs Mass. R. Civ. P., Rule 60(b)(1), motion to vacate dismissal was not filed until February 3, 2003, more than five months after the date ordered by the court and agreed to by the plaintiff for motion filing. After *140 hearing, the plaintiffs motion to vacate was denied with the following notation: “No motion to vacate having been filed as ordered by the court, this motion is denied.” This appeal followed.
As the plaintiff necessarily recognizes, a Rule 60(b)(1) motion for relief from judgment is addressed to the broad discretion of the trial judge whose ruling will be sustained on appeal in the absence of a “showing of a clear abuse” of that discretion. Scannell v. Ed. Ferreirinha & Irmao Lda., 401 Mass. 155, 158 (1987). The plaintiff contends that the denial of her motion constituted an abuse of discretion because the judge based his ruling solely on her failure to file by the August 20, 2002 deadline and did not consider the “other relevant factors” set forth in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979).[4] There was no error.
1. The record prepared by the plaintiff on this appeal does not substantiate her contention that the judge failed to fully consider her motion. In denying relief from judgment, a court is not obligated to make specific written findings or rulings evidencing its application of each and every Berube guideline. While Berube unquestionably sets forth the “general factors... identified for courts to consider on a rule 60(b)(1) motion, the inquiry is fact intensive and case specific.” McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 609 (2002). Even after an appropriate balancing of all competing factors, one or more circumstances in any given case may well have more weight and prove dispositive of a party’s request for relief from judgment. A notation of that factor does not establish that it was considered to the exclusion of all others.
It is clear in this case that the plaintiff did not “act promptly” in asserting her claim for relief. Berube, supra at 430. A Rule 60(b)(1) motion must be filed “within a reasonable time, not to exceed one year,” Gath v. M/A-Com, Inc., 440 Mass. 482, 497 (2003), and “the question of reasonable time... is addressed solely to the judge’s discretion.” Chavoor v. Lewis, 383 Mass. 801, 805 n.4 (1981). No abuse of that discretion would be inherent in the determination that in ignoring the initial thirty day filing period ordered by the court and in delaying for more than six months from dismissal before submitting her motion to vacate, the plaintiff did not file her motion within a “reasonable time.”[5] See, e.g., Piepul v. Bryson, 41 Mass. App. Ct. 932 (1996) (motion to vacate filed within two weeks of judgment properly denied).
2. Implicit in the plaintiff’s argument is the contention that “satisfaction” of the Berube factors entitles her to relief from judgment and to appellate reversal of the denial of her motion. That contention is erroneous. Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 87; Fleet Nat’l Bank v. Smith, 1999 Mass. App. Div. 163, 164-165 and cases cited. Even when “certain of the Berube factors may provide limited support for the plaintiff’s argument, an appellate court will not reverse a motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’” McIsaac v. Cedergren, supra at 612, quoting Tai v. Boston, 45 Mass. App. Ct. 220, 224 *141 (1998). No abuse of Rule 60(b)(1) discretion will be found where, as in the instant case, the moving party has failed to advance the required “threshold demonstration of some mistake, neglect or inadvertence which was justifiable or excusable.” Andre v. Safety Ins. Co., 2003 Mass. App. Div. 150, 152. The plaintiff attributed her failure to answer interrogatories and the resulting dismissal of her action to the fact that her attorney was unaware of the Supreme Judicial Courts March 5,2002 amendment of Rule 33(a). However, the “concept of excusable neglect does not embrace a flat mistake of counsel about the meaning of a statute or rule....” Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 79 n.6, quoting Goldstein v. Barron, 388 Mass. 181, 186 (1980). See also Christian Book Distributors, Inc. v. Wallace, 53 Mass. App. Ct. 905, 907 (2001); Andre v. Safety Ins. Co., supra at 152.
As there was no abuse of discretion, the denial of the plaintiffs Rule 60(b) (1) motion is affirmed. Appeal dismissed.
So ordered.

 “John Doe” was driving defendant Leblanc’s vehicle at the time of the accident, and fled the scene without identifying himself to the plaintiff. Apparently, he has never been named, much less served with process.

 The plaintiff also failed to produce the requested documents, and the defendant filed a motion to compel production on June 14, 2002. The plaintiff stipulated to the allowance of that motion on July 9, 2002. The record does not indicate if the documents were ever produced.

 A July 30,2002 docket entry states: “Plaintiff to file Motion to Vacate Dismissal by 8-20-02.”

 The familiar factors listed in Berube are: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing by affidavit or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial as opposed to after trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; (6) whether the error is chargeable to the party’s legal representative rather than to the party himself.” Id. at 430-431.

 While plaintiff’s counsel suffered a family crisis in 2002, counsel’s affidavit clearly indicates that he did not assume the care of his terminally ill parent until after August 20, 2002, and that he returned to practice from a two-week bereavement leave in November, 2002, months before the Rule 60(b) (1) motion was finally filed.