Greco, PJ.
In this action, Wells Fargo Bank, National Association (“Wells Fargo”) sued Kal-Rich, Inc., along with two individuals. In the complaint, it is alleged that Wells Fargo had a security interest in the assets of a New Hampshire business (“No. 1”) and retained that security interest after the New Hampshire business sold those assets to another business (“No. 2”); that business No. 2 defaulted on its obligation to Wells Fargo; that the defendants in this case owe money to businesses Nos. 1 and 2 for materials and supplies they purchased from those companies; and that as a secured creditor, that money is now owed to Wells Fargo. On May 30, 2008, the trial court dismissed the complaint on the grounds that Wells Fargo was not entitled to bring a cause of action directly against these defendants. We are not called upon in this appeal to untangle the complicated relationships and obligations among all these individuals and businesses since the sole issue before us is whether the trial court erred in subsequently dismissing Wells Fargo’s appeal from the order dismissing its complaint.
The facts relating to the dismissal of the appeal are the following. The judgment dismissing Wells Fargo’s claim was entered on June 2, 2008. Four days later, Wells Fargo filed a motion that the trial court reconsider its order dismissing the complaint. The motion for reconsideration was scheduled to be heard on June 27th. On June 9th, Wells Fargo filed a notice of appeal from the order dismissing the complaint, but did not at that time pay the filing fee. The clerk’s office notified the attorney for Wells Fargo that the fee had to be submitted “to preserve [the] filing date.” On June 26th, the trial court denied the motion to reconsider without a hearing and “reaffirm [ed]” its prior order dismissing the complaint. On the same day, the case was “inactivated," the filing fee for Wells Fargo’s appeal having never been filed. On June 27th, Wells Fargo filed a notice of appeal from the trial court’s original order dismissing the complaint, as well as from the court’s action on the motion to reconsider. On this occasion, the filing fee was paid. On August 19, 2008, however, the defendants moved to dismiss the appeal on the grounds that the notice of appeal filed by Wells Fargo on June 9th from the order dismissing the complaint was not *46 timely filed, that the filing fee was not submitted along with that notice of appeal, that Wells Fargo’s “Notice of an Expedited Appeal” under Dist./Mun. Cts. R. A. D. A., Rule 8A was not timely filed, and that its brief was not timely filed. On August 22nd, the trial court dismissed the appeal for noncompliance with the Rules of Appellate Division Appeal. The court specifically rejected the argument of Wells Fargo that the time for filing its notice of appeal did not begin to run until the court ruled on the motion to reconsider.
Although filed within the requisite ten days, Wells Fargo’s initial notice of appeal was ineffective since it “was not accompanied by payment of the filing fee as mandated by Dist/Mun. Cts. R. A. D. A., Rule 3(a).” Andre v. Safety Ins. Co., 2003 Mass. App. Div. 150, 151 n.3. Consequently, Wells Fargo seeks to rely on the notice of appeal filed (and accompanied with the fee) twenty-five days after the order dismissing the complaint, but only one day after the denial of the motion to reconsider. The issue then is whether the motion to reconsider tolled the time for filing a notice of appeal. Dist./Mun. Cts. R. A. D. A., Rule 4(a) provides that if a motion under Mass. R. Civ. P., Rule 59 to alter or amend a judgment, or for a new trial, is timely filed, “the ten-day time for appeal for all parties shall run from the entry of the order... granting or denying any ... such motion.” Thus, Wells Fargo argues that since it filed its motion to reconsider four days after the complaint had been dismissed, the ten-day period to appeal the dismissal of the complaint did not begin to run until that motion had been denied. (The new notice of appeal was filed the day after the denial of the motion to reconsider.)
The Reporters’ Notes to Mass. R. Civ. P., Rule 59 (2007) state that “Rule 59(e) encompasses many motions seeking relief of a type which technically might not be considered a motion for a new trial: for example, a motion for rehearing, reconsideration or vacation.” The Notes also state that “[t]he significance of a motion under Rule 59 (e) is that such a motion stops the appeal clock.” Id. If the motion is not timely filed, however, i.e., not filed within ten days after entry of judgment, “it is considered to fall within Rule 60 (b), which does not toll the appeal time.” Id. The Supreme Judicial Court followed this approach in Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm’n, 394 Mass. 233 (1985). There, the plaintiffs filed a motion to vacate eight days after a judgment had been entered against them, but did not file a notice of appeal until that motion was acted upon over three months later. Id. at 234. The Appeals Court, which treated the motion to vacate as a motion to reconsider under rule 60, declined to reach the merits of the plaintiffs’ appeal from the judgment because the plaintiffs’ notice of appeal was not timely filed. Id. at 235. The Supreme Judicial Court, however, found that “Rule 60 does not provide for general reconsideration of an order or a judgment... [nor] provide an avenue for challenging supposed legal errors, nor for obtaining relief from errors which are readily correctible on appeal” (citation omitted). Id. at 236. The Court further found “that rule 59 (e) is designed to correct judgments which are erroneous because they lack legal or factual justification.” Id. at 237. Thus, the plaintiffs’ motion was considered as one under rule 59(e), which tolled the time for filing a notice of appeal.[2] Id. See also Bromfield *47 v. Commonwealth, 400 Mass. 254, 256 (1987) (“An appeal or a motion under... [rule] 59(e) ... may provide the only appropriate avenues for relief from judicial error, although certain errors by the office of clerk of courts ... and changes in the applicable law occurring between the time of the judge’s order for judgment and its entry ... may warrant use of [rule 60(b)(1)] to obtain relief’ [citations omitted]). In its motion to reconsider, Wells Fargo made a legal argument, albeit the same argument it had made earlier in opposition to the defendants’ motion to dismiss.
We have found no case indicating that the Supreme Judicial Court has departed from the position taken in Pentucket Manor. Without discussing Pentucket Manor, the defendants cite Curley Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92 (2004) to support their position that the appeal time had not been tolled. In Curley Customs, the Appeals Court did state that “a motion for reconsideration is not the equivalent of a rule 59 motion (or any of the other motions enumerated in Mass. R. A. R, Rule 4[a]).” Id. at 96-97. Nevertheless, decisions of the Appeals Court before and after Curley Customs are consistent with Pentucket Manor. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 187 (1995), wherein it was stated that a timely motion to reconsider is treated as a motion under rule 59(e); Commonwealth v. Clark, 67 Mass. App. Ct. 832, 834 (2006), involving a civil commitment under G.L.c. 123A, where the Appeals Court stated that “[t]he filing of a motion for reconsideration after a statutory appeal period has expired can have no revivifying effect on a defunct appeal” (emphasis in original), thereby implying that a timely filed motion would have such an effect; Slade v. Ormsby, 69 Mass. App. Ct. 542, 545 (2007), where the defendants “served a timely motion for reconsideration explicitly pursuant to rule 59(e),” and where the Appeals Court stated that “[s]uch a motion, in turn, tolls the ... appeal period by operation of Mass. R. A. P., Rule (4) (a)” and that “[h]aving thus tolled the appeal period by the filing of their rule 59(e) motion and, once that motion was denied, having timely filed their notice of appeal ..., the [defendants] preserved their appellate rights.”[3] See also Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 682 (2007) and the decision of this Division in MacLeod v. Dizazzo, 2001 Mass. App. Div. 128, 129.
Here, as noted above, Wells Fargo’s complaint was dismissed on June 2,2008, and the motion to reconsider was timely filed only four days later. Thus, the ten-day period within which Wells Fargo had to claim its appeal from the trial court’s dismissal of its complaint did not begin to run until June 26, 2008, i.e., the day the motion for reconsideration was denied. Wells Fargo filed its notice of appeal the next day. The notice of appeal it had filed on June 9th was a nullity and of no legal effect in view of the filing of a motion to reconsider (quite apart from the fact that no filing fee was *48 paid). Accordingly, Wells Fargo’s appeal was timely filed.[4]
Wells Fargo’s procedural problems, however, do not quite end with the filing of the new notice of appeal on June 27th. Twenty-one days after filing that notice (i.e., on July 18th), Wells Fargo filed a “notice of expedited appeal” to the Appellate Division. Thus, this filing was one day late under Dist./Mun. Cts. R. A. D. A., Rule 8A(a). There were no subsequent missteps. Nothing in the record before us indicates that the defendants objected to the expedited appeal within the requisite ten days provided in rule 8A or thereafter. There being no objection, Wells Fargo’s next obligation was to file “within twenty-five days after the filing of the expedited appeal, six additional copies of the expedited appeal and six copies of its brief.” Dist./Mun. Cts. R. A. D. A., Rule 8A(c). It did so on the twenty-fifth day, August 12,2008. Seven days later, on August 19th, the defendants filed their motion to dismiss the appeal.
While the trial court did not expressly address the late filing, by one day, of the initial notice of expedited appeal, we do not consider such misstep “sufficiently egregious to warrant appeal dismissal.” MCS Enters., Ltd. v. Henry, 2005 Mass. App. Div. 72, 74, citing Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975). It clearly was not “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte, supra.
Accordingly, the order dismissing the appeal of Wells Fargo is reversed, and the matter is returned to the Concord Division for the continued prosecution of that appeal.[5]
So ordered.

 It should also be noted that the motion filed by the plaintiffs in Pentucket Manor raised the same issues as the ones being raised on appeal.

 The defendants seek to distinguish Slade on the grounds that Wells Fargo’s motion did not explicitly state that it was brought under rule 59(e). In both the caption and the body of the motion, however, Wells Fargo expressly stated it was a motion to reconsider. Moreover, in Pentucket Manor, the Supreme Judicial Court indicated that “the better approach ... is that substance, not labels, should control in determining whether a postjudgment motion is a rule 59(e) motion or a rule 60 motion.” Id. at 236.

 Further cluttering up this record is a “Supplemental Motion for Reconsideration” filed by Wells Fargo after the first motion to reconsider had been filed and denied. That motion was denied on the same day the appeal was dismissed. As stated in Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984), quoted in Selby Assocs. v. Boston Redevelopment Auth., 27 Mass. App. Ct. 1188, 1189 (1989), “where ... a motion styled as one for reconsideration is made by the same party that lost an earlier motion covered by [Fed. R. A. P.] 4 (a) 4 and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, [there is] no good reason to allow such motions either to postpone the time for appeal or to destroy appeals filed during their pendency” (emphasis in original). Thus, with respect to tolling, it would appear that a party gets one bite of the reconsideration apple.

 What is before us at this point is not sufficient to allow us to address the merits of the appeal. Wells Fargo’s brief discusses the merits somewhat, the defendants’ brief not at all.