Swan, J.
Essex Chiropractic Office (“Essex”) commenced this action in the Haverhill District Court against Arnica Mutual Insurance Company (“Arnica”) seeking payment for Personal Injury Protection (“PIP”) benefits under G.L.c. 90, §34M and damages for attendant violations of G.L.c. 93A. Arnica’s motion for summary judgment was allowed on December 21, 2010. Essex did not file a notice of appeal. Instead, on December 30, 2010, Essex served on Arnica’s counsel a “Plaintiff’s Motion for Clarification,” asserting that the trial courts decision was contrary to opinions rendered by the Supreme Judicial Court and this Division. After oral argument, the court denied the motion on April 22, 2011, stating that as there was “no genuine issue of material fact on every relevant issue, Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), the defendant is entitled to judgment as a matter of law based on this court’s reading of applicable cases.” Essex filed a notice of appeal of that decision on May 2, 2011. Arnica moved to dismiss the appeal on the grounds that Essex’s motion for clarification did not toll the postjudgment ten-day period in which a notice of appeal must be filed, and that Essex’s notice of appeal was therefore time barred. Arnica’s motion to dismiss was denied, and Arnica has appealed that denial.
“The notice of appeal required by [Dist./Mun. Cts. R. A D. A] Rule 3, together with the required filing fee, shall be filed with the clerk of the trial court within ten days after the date of the entry of the judgment in the case being appealed.” Dist./Mun. Cts. R.AD.A, Rule 4(a). However, if “a post-judgment motion under the District/Municipal Court Rules of Civil Procedure[1] is timely served or filed in the trial court, as the case may be, by any party ... (2) under Rule 59 to alter or amend judgment; or (3) under Rule 59 for a new trial, the ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.” Id. Essex’s motion for clarification was served in a *2 timely manner.[2] Essex’s filing of its notice of appeal on the tenth day after denial of its motion was also timely. The only issue, then, is whether the motion for clarification was in fact a motion for a new trial or to alter or amend judgment under Mass. R. Civ. R, Rule 59, which would toll the initial appeal period, or was rather a motion, such as one under Mass. R. Civ. R, Rule 60 (b) for relief from judgment, which would not.
The mere labeling of the motion is of no consequence here. “[Tjhe better approach ... is that substance, not labels, should control in determining whether a postjudgment motion is a rule 59(e) motion or a rule 60 motion.” Wells Fargo Bank, N.A. v. Kal-Rich, Inc., 2009 Mass. App. Div. 45, 47 n.3, quoting Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm’n, 394 Mass. 233, 236 (1985). We therefore review Essex’s motion for its substance.
The parties agree that summary judgment was entered on the basis of Arnica’s having made a PIP payment pursuant to Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001). Essex asked the trial court to clarify its decision, adding that the decision was “contrary” to opinions of both the Supreme Judicial Court and this Division. It may be reasonably inferred that Essex wished to bring to the trial court’s attention such decisions as Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 136, which further interpreted the effect oí Fascione.[3] Under Mass. R. Civ. P., Rule 59(a), a
new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the Commonwealth.... On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
Similarly, Essex’s motion to clarify could be viewed as a “motion to alter or amend the judgment” under Mass. R. Civ. R, Rule 59(e), which also tolls the running of the *3 appeal period. Rule 59 (e) “encompasses many motions seeking relief of a type which technically might not be considered a motion for a new trial: for example, a motion for rehearing, reconsideration or vacation; a motion to amend a judgment of dismissal ‘without prejudice’; or one to vacate a dismissal for want of jurisdiction.” Reporters’ Notes to Mass. R. Civ. R, Rule 59. In this case, Essex was submitting that in light of this Division’s rulings, the trial court committed an error of applicable law in awarding summary judgment for Arnica. By its very nature, Essex’s motion to clarify was a motion to make new conclusions of law under Rule 59(a) or, more generically, to hold a rehearing for alteration or amendment of judgment under Rule 59(e). Either way, Essex’s actions fell within the purview of Rule 59, and, having been properly served within ten days after the entry of judgment, its motion tolled the time for filing a notice of appeal. The notice of appeal that was later filed, ten days from the denial of the motion for clarification, was timely.
Denial of the defendant’s motion to dismiss the plaintiff’s appeal is affirmed.
So ordered.

 In 1996, the District/Municipal Court Rules of Civil Procedure were merged into the Massachusetts Rules of Civil Procedure, which now govern civil proceedings in the District Court. See Reporters’ Notes to Mass. R. Civ. R, Rule 1.

 The certificate of service, which we accept as true, states that the motion was served by mail on December 30, 2010, within ten days after judgment entered. The method of service was proper. “Service by mail is complete upon mailing.” Mass. R. Civ. P., Rule 5 (b). In any event, Arnica’s counsel stated at oral argument that the timeliness of the motion is not an issue.

 In Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., we held, “ It would not be inconsistent with the holding in Fascione to require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits, for example, to avoid the cost of litigation or to remove a potential liability off its books.” Id. at 138.