After the entry of a Superior Court judgment of dismissal against this personal injury plaintiff pursuant to Mass.R.Civ.P. 33(a)(4), as appearing in 436 Mass. 1401 (2002), for failure to serve interrogatory answers, he moved for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), asserting that the failure was due to excusable neglect. A judge denied that motion and a subsequent motion for reconsideration, recognizing that, although "dismissal of a complaint is a severe sanction, and [is] not usually employed by this judge ..., the plaintiff has failed to this date to establish excusable neglect for the failure to provide answers to interrogatories." The plaintiff appeals; discerning no abuse of discretion, we affirm.
Background. The defendant served interrogatories on April 7, 2016. Although plaintiff's counsel was out of the office at that time, due to a fall suffered in late March, another attorney in her office was sufficiently involved in the case that, on April 27, he signed (or authorized defense counsel to sign on his behalf) a joint motion to extend the tracking order deadlines. Defense counsel was not informed of the expected duration of plaintiff's counsel's medical leave, that it would delay discovery responses, or that the plaintiff sought an extension for serving those responses. Plaintiff's counsel later acknowledged that no one in her office sent the interrogatories to the plaintiff himself during this period.
On June 10, having received no interrogatory answers, the defendant served a final request for answers pursuant to Mass.R.Civ.P. 33(a)(3). Plaintiff's counsel, having recovered from her fall, returned to the office on June 13. In a July 7 telephone conversation, plaintiff's counsel asked, and defense counsel agreed, to postpone the plaintiff's previously scheduled deposition from July 20 to August 2, as the plaintiff would be on vacation on July 20. Defense counsel later asserted that, in this conversation, plaintiff's counsel (1) acknowledged receipt of the final request for answers, (2) stated that the plaintiff had not yet signed the answers, and (3) did not request any extension. Plaintiff's counsel did not contradict this account of the conversation, although she asserted, without specifying any time period, that "[t]here had been some discussion with [d]efendant's counsel about the interrogatories and [p]laintiff's counsel was under the impression that as long as the interrogatory answers were received prior to the deposition, that would be sufficient."[2]
July 20-the fortieth and thus last day for receipt of answers pursuant to the defendant's rule 33(a)(3) final request-came and went without the defendant receiving any answers or other response. Defense counsel began drafting his rule 33(a)(4) application for final judgment. One week later, on July 27, plaintiff's counsel sent defense counsel an electronic mail message (e-mail) stating that she had the interrogatory answers completed, but was waiting for the plaintiff to sign them; she provided no date by which they would be signed, nor did she request any extension. Defense counsel received the e-mail but proceeded to file the rule 33(a)(4) application that day. The next day, plaintiff's counsel sent by facsimile signed interrogatory answers to defense counsel, followed by mailed originals, which defense counsel received on August 5. In the meantime, on August 3, the clerk entered a final judgment of dismissal, as required by Mass.R.Civ.P. 33(a)(6), as appearing in 454 Mass. 1404 (2009). The plaintiff promptly filed a rule 60(b)(1) motion for relief from judgment, asserting excusable neglect; this was denied, as was his motion for reconsideration.
Discussion. "[T]he majority of cases decided under rule 60(b) since its adoption in the Commonwealth have shown a marked deference to the decision reached by lower court judges[,] reflecting, in our opinion, a policy that the judges in the motion and assignment sessions are in the best position to assess the merits of requests for this type of relief under the requirements of balancing efficient case flow with the litigants' rights to a trial on the merits." Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 434 (1979). "The burden to establish" excusable neglect is on the party seeking relief, Hermanson v. Szafarowicz, 457 Mass. 39, 46 (2010), and the Berube decision "set[s] out several factors that may inform the court's decision concerning whether the [party] has met his burden under this rule."[3] Id. at 46-47. A rule 60(b)(1) motion "is properly addressed to the sound discretion of the trial judge," and "[t]herefore, while appellate courts have not hesitated to intercede when the circumstances so required, ... a judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Scannell v. Ed. Ferreirinha & Irmao, Lda, 401 Mass. 155, 157-158 (1987).
Here, we cannot say that the judge clearly abused his discretion in concluding that the plaintiff had not established excusable neglect. Although the plaintiff "asserts that this case satisfies all of the factors established in Berube [,] ... [t]his argument misapprehends the discretionary nature of the rule 60(b) decision." Scannell, 401 Mass. at 159. "Facts similar to those which ... justified the action of the motion judge in Berube do not compel a ruling that the judge abused his discretion in this case." Scannell, supra at 159-160, quoting from Bird v. Ross, 393 Mass. 789, 791 (1985). "There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment." Ibid., quoting from Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). Indeed, in Berube itself, after reciting the numerous factors that weighed in favor of a judge's grant of rule 60(b)(1) relief and concluding that such action was not an abuse of discretion, this court said, "We would also have found no abuse of discretion if the judge had refused to allow the motion." Berube, 7 Mass. App. Ct. at 435. Other decisions are to the same effect.[4]
The judge here could reasonably have focused on, among other things, counsel's delay in sending the interrogatories to the plaintiff himself, the lack of specificity regarding when they were sent to the plaintiff and whether he delayed in completing and signing them, and counsel's casual attitude toward the applicable deadlines, even after receiving the rule 33(a)(3) final request for answers when she returned to the office on June 13. That request put the plaintiff
"on notice that, unless the court orders otherwise, the interrogatories must be answered within the next thirty days or the machinery which produces final judgment may begin to engage in earnest. A posture of relaxation at that point is perilous, however much the day-to-day culture among lawyers tends toward a relaxed attitude about the rigors of the rules."
Piepul v. Bryson, 41 Mass. App. Ct. 932, 932-933 (1996). The judge recognized that dismissal was "a severe sanction," one he himself did "not usually employ," yet thought it justified in all of the circumstances. Although we might not have exercised our discretion in the same way were the matter before us de novo, that is no basis for us to overturn the judge's denial of relief.
Order denying motion for relief from judgment affirmed.
Order denying motion for reconsideration affirmed.

The judge did not make findings resolving any possible discrepancies between counsels' respective accounts of their discussions. Either version would be consistent with the judge's discretionary ruling that the plaintiff had failed to establish excusable neglect.

The factors detailed in Berube, 7 Mass. App. Ct. at 430-431, are:
"(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself."

See, e.g., Piepul v. Bryson, 41 Mass. App. Ct. 932, 932 (1996) ("The ... judge, on the basis of the criteria discussed in Berube..., could, in the exercise of her discretion, have granted the plaintiff's motion ... but the judge was not compelled to do so. We shall not disturb the judge's denial of that motion"); Tai v. Boston, 45 Mass. App. Ct. 220, 220 (1998) ("Were the decision ours in the first instance, we would not have been inclined to grant the ... motion .... Such, however, is the deference afforded trial judges when they act on rule 60 [b] motions that we decline to reverse the judgment").